UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER,<br><br>     Plaintiff,<br><br>vs.<br><br>CAPTAIN F. VASQUEZ; *et al.*,<br><br>     Defendants. | Case No. 1:10-cv-01830-RRB<br><br>**ORDER DENYING MOTION<br>REQUESTING LEAVE TO AMEND<br>COMPLAINT AT DOCKET 34** |

At **Docket 34** Plaintiff Michael Foster moved for leave to file an Amended

Complaint. Defendants filed a non-opposition. The Court notes that Foster noted the

purpose of filing the Amended Complaint was to add Warden Kathleen Allison as a

defendant in this action.  Foster did not, however, attach a copy of his proposed Amended

Complaint. As Defendants correctly note, this Court must screen the Amended Complaint

to determine whether it states cause of action. This Court must dismiss a complaint or

portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

"fails to state a claim on which relief may be granted," or that "seeks monetary relief against

a defendant who is immune from such relief."[1] Likewise, a prisoner must exhaust all

---

[1]      28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203
F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

administrative remedies as may be available,[2] irrespective of whether those administrative remedies provide for monetary relief.[3] In the absence of the proposed Amended Complaint this Court is unable to make this determination.

Accordingly, the Motion Requesting Leave to Amend Complaint at **Docket 34** is **DENIED** without prejudice.

Plaintiff Michael Foster is granted until **September 5, 2014**, within which to renew his motion to file an Amended Complaint, which motion must have attached thereto a copy of the proposed Amended Complaint.[4]

In preparing his Amended Complaint, Foster is reminded that:

1.      Defendants may be sued solely in their personal capacities, not their official capacities;[5]

2.      The Amended Complaint is subject to terms of the Court's Screening Order; and

---

[2]      42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[3]      *See Booth*, 532 U.S. at 734.

[4]      Plaintiff is cautioned that the Amended Complaint supercedes the original Complaint and must be complete in itself. That is, the Amended Complaint must include the allegations against all defendants, not just the newly added party.

[5]      *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989).

3.      In his motion, Foster must affirmatively address why this action, as against

Warden Allison, is not barred by the applicable statute of limitations.[6]

**IT IS SO ORDERED** this 7th day of August, 2014.

/S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6]      *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code
§§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims,
which may be tolled for an additional two years for prisoners).

ORDER DENYING MOTION AT DOCKET 34
*Foster v. Vasquez*, 1:10-cv-01830-RRB - 3