UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPTAIN F. VASQUEZ; *et al.*,<br><br>    Defendants. | Case No. 1:10-cv-01830-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 37** |

I.  **PENDING MOTION**

At **Docket 37** Plaintiff Michael Foster moved for leave to file an Amended Complaint. Foster has also lodged his proposed First Amended Complaint.[1] Defendants filed a statement of non-opposition.[2] Because Foster had not attached a copy of his proposed Amended Complaint, the Court denied without prejudice Foster's initial motion to file an amended complain and specifically provided the following guidance:

1. Defendants may be sued solely in their personal capacities, not their official capacities;
2. The Amended Complaint is subject to terms of the Court's Screening Order; and

---

[1] Docket 38.

[2] Docket 41. Although filing a non-opposition, Defendants requested that the Court screen the proposed amended complaint under 28 U.S.C. § 1915(e)(2).

ORDER DENYING MOTION AT DOCKET 37
*Foster v. Vasquez*, 1:10-cv-01830-RRB - 1

3.  In his motion, Foster must affirmatively address why this action, as against Warden Allison, is not barred by the applicable statute of limitations.[3]

## II.  SCREENING STANDARD

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

---

[3] Docket 36 (footnotes omitted).

[4] 28 U.S.C. § 1915A(a).

[5] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

## III.   DISCUSSION

In his proposed Amended Complaint Foster adds as a defendant Warden Kathleen Allison. As against Warden Allison, Foster alleges that: (1) on July 20, 2009, she "authored a program status report that erroneously lockedown [*sic*] the blacks;"[9] and (2) based upon information provided by Defendants Vasquez and Goss, she "continue[d] the black inmates on suspended outdoor exercise program (modified program)."[10]

On July 28, 2014, Foster filed his initial motion requesting leave to amend his complaint. For the purpose of screening this Court assumes that the limitations period stopped on that date. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[11] California law provides a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners.[12]

In his motion Foster contends that the limitation period starts either the last day of the lockdown, November 9, 2009, or when his CDCR 602 was denied, June 28, 2010. The

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] Proposed Amended Complaint, Docket 38, p. 4, ¶ 12,

[10] Proposed Amended Complaint, Docket 38, p. 4, ¶ 13,

[11] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[12] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

Court disagrees. "Under federal law, a claim accrues when plaintiff knows or should know of the injury that is the basis of the cause of action."[13] In this case, the limitations period began to run at the time the lockdown was initiated. From the complaint it appears that this may have been some date prior to, but certainly not after, July 20, 2009, more than five (5) years prior to the date of Foster's motion. Thus, unless otherwise tolled, the limitations period expired at the latest July 20, 2013.

Foster contends that the period of limitations was equitably tolled during three periods. First, that as a result of an attack on his person on March 3, 2013, he was hospitalized and unable to file his amended complaint. Second, on some unspecified date in July 2013 he was transferred to High Desert State Prison ("HDSP") and was without his legal files for a period of a month. Then, in January 2014, Foster was transferred to Corcoran State Prison ("CSP") and was without his legal files for a period of five (5) months.

Assuming without deciding that the limitations period stopped running on March 3, 2013, Foster had 139 days within which to file his amended complaint adding a new party. Assuming also that he was incapacitated from March 3 through July 31, 2013, unless otherwise tolled, his time began running again when he was transferred to HDSP on July 31, 2013. However, because he was without his legal files for a month, his time did

---

[13] *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 391, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (citation and internal quotation marks omitted)).

not start running again until September 1, 2013. The time then ran from that date until his transfer to CSP, on or about January 1, 2014, a period of 122 days, leaving Foster 17 days within which to file his amended complaint. Foster was again without his legal files for a period of five (5) months. Thus, excluding those five (5) months, the time began running again on June 1, 2014 and expired 17 days later, June 18, 2014. Foster filed his motion to amend his complaint on July 20, 2014, 32 days late.

This Court also notes that it is more likely than not that Warden Allison is entitled to at least qualified immunity. Qualified immunity is analyzed using the two-step inquiry set forth in *Saucier*.[14] The first step of the *Saucier* analysis requires the court to decide whether the refusal to provide Lopez with the proper fitting shoes violated his constitutional rights.[15] If so, "the next, sequential step is to ask whether the right was clearly established." *Id*. For a right to be clearly established, its contours "'must be sufficiently clear that a reasonable official would understand that what he is doing violates the right.'"[16] The protection afforded by qualified immunity "safeguards 'all but the plainly incompetent or those who knowingly violate the law.'"[17]

In applying the second prong of the *Saucier* test to lockdowns, the Ninth Circuit has held:

---

[14] *Saucier v. Katz*, 533 U.S. 194 (2001).

[15] *Id.* at 201.

[16] *Id.* at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1997)).

[17] *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.,* 149 F.3d 971, 977 (9th Cir. 1998); (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

> We conclude pursuant to what is now known as prong 2 of the *Saucier v. Katz,* 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed.2d 272 (2001) test, *see Pearson v. Callahan,* 555 U.S. 223, 129 S. Ct. 808, 821, 172 L. Ed.2d 565 (2009), that it was not clearly established in 2002—nor is it established yet—precisely how, according to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercise, during and after a state of emergency called in response to a major riot . . . .[18]

Foster has not pleaded any facts that would indicate a subjective intent to inflict harm, or that the lockdown was in excess of that required to restore and maintain order, was unrelated to responsibilities of prison authorities responsibility for maintaining security and safety, or was kept in effect for longer than necessary.[19]  In short, even if this Court did not agree with the necessity for the lockdown, that is not the test. This Court must give prison officials reasonable leeway in determining the extent to which an emergency exists and the need for restricting or suspending prisoners' activities.[20] Nothing in the proposed Amended Complaint, or the record before this Court, plausibly supports a jury finding in favor of Foster on the issue.

### IV. CONCLUSION AND ORDER

Giving Foster the benefit of every doubt and construing the time frames involved in a manner most advantageous to Foster, it is clear that his motion to amend his complaint is untimely. Furthermore, as noted, it is more likely than not that the Warden is entitled to

---

[18] *Noble v. Adams*, 646 F.3d 1138, 1142–43 (9th Cir. 2011).

[19] *See id.* at 1147–48.

[20] *Id.* at 1147 (citing *Hayward v. Procunier*, 629 F.2d 559 (9th Cir. 1980) and *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1237)).

qualified immunity. Thus, permitting amendment would most likely be futile and do nothing more than lead to further delay in bringing the matter to a conclusion. Accordingly, the Motion Requesting Leave to Amend Complaint at **Docket 37** is **DENIED.**

**IT IS SO ORDERED** this 8th day of September, 2014.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE