UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL FOSTER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CAPTAIN F. VASQUEZ; *et al.*,<br><br>　　　Defendants. | Case No. 1:10-cv-01830-RRB<br><br>**ORDER DENYING**<br>**MOTION AT DOCKET 39** |
|---|---|

**I.　PENDING MOTION**

At **Docket 39** Plaintiff Michael Foster filed a motion to compel further discovery. Defendants Goss, Sherman, Vasquez, and Wan have opposed the motion.[1] Although the time within to do so has lapsed, Foster has not replied. The Court being fully apprised in the matter, the motion is submitted on the moving and opposing papers without oral argument.[2]

In his motion Foster requests that the Court order Defendants to respond to seven requests for the production of documents: six from his first set, and one in his second set.[3] The requests and the responses thereto are as follows:

---

[1]　Docket 50.

[2]　L.R. 230(l).

[3]　The First set was propounded solely to and responded to by Vasquez. The second set was propounded to and responded to by all Defendants.

ORDER DENYING MOTION AT DOCKET 39
*Foster v. Vasquez*, 1:10-cv-01830-RRB - 1

### First Set

REQUEST FOR PRODUCTION 1:

All documents that contain, mention, construe, or refer to policies and procedures on approving and disapproving lockdowns and modified programs.

RESPONSE:

Responding Party (Vasquez) objects that this request is vague and ambiguous with respect to the materials at issue. As it is phrased, this request appears to call for every document ever created, relating to an actual or hypothetical lockdown or modified program, at any correctional institution in the nation. Vasquez also objects that the request is overly broad in scope, and it calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. So too, Vasquez objects that the request is unduly burdensome because it would cause him to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue. Last, Vasquez objects that the request appears to call for confidential information protected from disclosure by State and Federal law, although this cannot be sure, given the indefinite scope of the request. Because the request is not framed with reasonable specificity, Vasquez is unable to respond.

REQUEST FOR PRODUCTION 2:

All documents that contain, mention, construe or refer to policies and procedures on searches and seizures (entire yard searches).

RESPONSE:

Vasquez objects that this request is vague and ambiguous with the term "searches," as well as with respect to the materials at issue generally. As it is phrased, this request calls for every document ever created, relating to an actual or hypothetical "yard search" at any correctional institution in the nation. Vasquez also objects that the request is overly broad in scope, and it calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. So too, Vasquez objects that the request is unduly burdensome because it would cause him to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue. Last, Vasquez objects that the request appears to call for confidential information protected from disclosure by State and Federal law, although this cannot be sure, given the indefinite scope of the request. Because the request is not framed with reasonable specificity, Vasquez is unable to respond.

REQUEST FOR PRODUCTION 3:

All documents that contain, mention, construe or refer to policies and procedures on using the SHU (mini yards) for outdoor exercise during lockdowns and modified programs.

RESPONSE:

Vasquez objects that this request is vague and ambiguous with respect to the materials at issue. Vasquez also objects that the request calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. So too, Vasquez objects that the request is unduly burdensome because it would cause him to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue. Without waiving these objections, Vasquez responds as follows:

Vasquez does not have any responsive documents in his possession, custody, or control, and after a diligent search, was unable to locate any documents responsive to this request.

REQUEST FOR PRODUCTION 4:

Produce each weekly institutional lockdown status reports faxed to the associate director updating each particular lockdown from 6-21-09 thru 11-9-09 on Facility "C" at CSATF State Prison.

RESPONSE:

Objection. This request seeks information that is protected from disclosure by Title 15 of the California Code of Regulations§§ 3321(a) and 3450(d); California Penal Code§§ 832.7 and 6126.3; California Government Code§ 6254(c) and (f); and California Evidence Code§§ 1040, 1043, and 1045; as well as the self-critical analysis privilege; the official-information privilege; and the deliberative-process privilege.

REQUEST FOR PRODUCTION 6:

All documents that contain, mention, construe, or refer to policies and procedures referring or relating to returning Facility "C back to normal program for the general population at CSATF State Prison from 6-21-09 thru 11-9-09.

RESPONSE:

Vasquez objects that the request is overly broad, and vague and ambiguous with respect to the materials at issue. Vasquez further objects that the request appears to call for production of documents protected from disclosure by State and Federal law, although this cannot be sure, given the indefinite scope of this request. Without waiving these objections, Vasquez responds as follows:

Responsive documents were produced in March 2014, as part of Defendants' initial disclosures.

REQUEST FOR PRODUCTION 7:

All 602 Appeals filed by other inmates individually or class action concerning the lockdowns on Facility "C" at CSATF from 6-21-09 thru 11-9-09.

RESPONSE:

Vasquez objects that this request is compound and. seeks information pertaining to persons who are not parties to this action, and such information is protected by the privacy rights of those persons under State and Federal law. Vasquez further objects that the request is vague and ambiguous with respect to the term, "concerning the lockdowns." In addition, Vasquez objects that the request calls for information that is irrelevant and not calculated to lead to the discovery of admissible evidence. Vasquez also objects that the request is unduly burdensome because it would cause him to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue. Without waiving these objections, Vasquez responds as follows:

Vasquez does not have possession, custody, or control over any documents responsive to this request.

## Second Set

REQUEST FOR PRODUCTION 1:

Reports of all completed investigations by CDCR specifically at CSATF from 6-21-09 thru 11-9-09 regarding the incident on 6-21-09 and subsequent incidents, cell searches threats of safety and security, modified program, lockdown approvals, outdoor exercise, dayroom, packages, canteen, etc.

RESPONSE:

Defendants object that this request is vague and ambiguous with respect to the materials at issue. Specifically, the request is ambiguous with respect to the terms "the incident on 6-21-09 and subsequent incidents," "cell searches," "threats of safety and security," "modified program," "lockdown approvals," "outdoor exercise," "dayroom," "packages," "canteen," and "etc." Defendants also object that the request is overly broad in scope and calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendants object that the request is unduly burdensome because it will cause them to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue. Last, Defendants object that the request appears to call

for confidential information that is protected from disclosure by State and Federal law, although this cannot be sure, given the indefinite scope of the request. To the extent this request calls for information that is confidential or implicates privacy rights of Defendants or other third parties, Defendants object that the request is so broad that they cannot frame a proper objection or produce a privilege log. Because the request is not framed with reasonable specificity, Defendants are unable to respond.

**II.    DISCUSSION**

In its Screening Order this Court permitted Foster to proceed solely upon his Eighth Amendment cruel and unusual punishment/deliberate indifference claim based upon his allegation that he was denied outdoor exercise during a prison lockdown while incarcerated at the California Substance Abuse Treatment Facility, Corcoran ("SATF").[4] Although at the time Foster's complaint was screened it was not apparent the period during which Foster was locked down, the record as subsequently developed shows that the lockdown at issue extended from June 21, 2009, through November 9, 2009, a period of 142 days. In order to prevail, Foster has the burden of proving that "the lockdown was in excess of what was required to restore order, was unrelated to the officials' security and safety responsibilities, and was kept in effect for a longer period than necessary."[5] Foster must also prove that as result of the improper lockdown he suffered some injury in fact.[6]

---

[4] Docket 9.

[5] *Noble v. Adams*, 646 F.3d 1138, 1148 (9th Cir. 2011) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982)).

[6] *See, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (citing *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997)).

### A.     Request for Production (*First Set*)

Requests numbers 1 through 3, and 6 seek production of a wide range of documents related to prison policies and procedures. This Court agrees with Defendants that, as framed, the requests are overly broad, vague and ambiguous. These requests are so opened-ended that to compel the opposing party to attempt to comply would unquestionably place a significant burden on the responding party that far outweighed any probative value they might have to the issue presented in this case. On the other hand, title 15 of the Administrative Code addresses the question of outdoor exercise, and is relevant to the disposition of this case;[7] however, those regulations are presumably available to Foster in the prison law library. Indeed, Foster does not claim they are not. Foster's requests for production numbers 1 through 3, and 6 of the first set will be **DENIED**.

Request number 7, seeking the production of the CDCR 602 appeals filed by other inmates, is at best marginally relevant. While other inmates similarly situated with Foster may have also felt aggrieved, that fact is irrelevant to whether or not *Foster's* Eighth Amendment rights were violated or any damages he may have suffered as a result. This Court further agrees that to require Defendants to search all CDCR 602 grievances filed to determine which, if any, of those grievances raised the same issue would be unduly burdensome in relation to the relevant information that might be contained therein. Foster's request for production number 7 of the first set will be **DENIED**.

---

[7] *See Thomas v. Ponder*, 611 F.3d 1144, 1152 (9th Cir. 2010).

Request number 4 presents a somewhat different situation. Defendant's opposition to the motion reveals that Foster has, in fact, been provided the Program Status Reports submitted by Vasquez for the relevant time period.[8] Foster has not provided any explanation for his claim that the documents produced are non-responsive. Foster's request for production number 4 of the first set will be **DENIED**.

B.    **Request for Production (*Second Set*)**

Like Defendants the Court is troubled by the scope and breadth of the request made in Foster's second set. It goes far beyond the narrow issue upon which the Court permitted Foster to proceed, i.e., the denial of outdoor exercise for the period encompassed by the lockdown.

Foster's claim against the Defendants is that they "should have known through their investigations that plaintiff was not affiliated with any gang, thereby not being a threat to other inmate or staff."[9] Nowhere in the Complaint is there an allegation that the lockdown itself was improper. Foster's complaint is predicated upon an allegation that black inmates were not involved in the incidents between Hispanic inmates that precipitated the lockdown; therefore, inclusion of black inmates in the lockdown was improper.

The central issue in this case, which was not evident from the complaint, concerns the length of the lockdown involved—142 days. The 92 pages of materials produced by Vasquez in opposition to Foster's motion show that this lockdown was continually reviewed

---

[8]   Docket 50-1, pp. 44–65.

[9]   Complaint, Docket 1, p. 6, ¶ 21.

and the restrictions imposed gradually reduced during that period.[10]  By failing to reply to the opposition, Foster at least inferentially concedes further production is not required. Accordingly, Foster's Request for Production (Second Set) will be **DENIED**.

Finally, based upon the allegations of the complaint and the evidence produced to date, should Defendants move for summary judgment on the basis of qualified immunity, it is very likely the motion would be granted.[11]

## III.     ORDER

Accordingly, Plaintiff's Motion for an Order Compelling Discovery at **Docket 39** is **DENIED**.

**IT IS SO ORDERED** this 27th day of October, 2014.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10]  Docket 50-1.

[11]  *See Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (defendants are entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established"); *see also Noble v. Adams,* 646 F.3d 1138, 1148 (9th Cir.2011) (prison officials were entitled to qualified immunity because it would not have been clear to a reasonable officer that the declaration of an emergency, a lockdown, or the curtailment of the use of the exercise yard for nearly seven months was an unlawful response to a prison riot); *Norwood v. Vance,* 591 F.3d 1062, 1069 (9th Cir.2009) (when a prison lockdown is in response to a genuine emergency, this court "may not lightly second-guess officials' expert judgments about when exercise and other programs [can] . . . safely be restored").